IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01903-PAB-CBS

ROCHE CONSTRUCTORS, INC.,

    Plaintiff,

v.

ONE BEACON AMERICA INSURANCE COMPANY,
TRANSPORTATION INSURANCE COMPANY,
DOBBERSTEIN ROOFING COMPANY, INC., and
JED DOBBERSTEIN,

    Defendants.

---

**ORDER OF REMAND**

---

This matter is before the Court on the Motion to Remand [Docket No. 26] filed by plaintiff Roche Constructors, Inc. ("Roche") and the Motion to Sever [Docket No. 17] filed by defendant OneBeacon American Insurance Company ("OneBeacon") and joined by defendant Transportation Insurance Company ("TIC") [Docket No. 23]. The motions are fully briefed and ripe for disposition.

**I. BACKGROUND**

This action arises from the construction of a detention facility in Lincoln County, Nebraska. Docket No. 45 at 2, ¶ 10. In 2009, plaintiff Roche, a general contractor, secured a construction contract to build a detention facility for the Lincoln County Sheriff's Office. *Id*. Roche, as the principal contractor, maintained a builder's risk insurance policy issued by OneBeacon America Insurance Company ("OneBeacon"). *Id*. at ¶ 9.

On October 2, 2009, Roche entered into a subcontract with Dobberstein Roofing Company, Inc. ("Dobberstein Roofing") to install the detention facility's roofing system and for other related work. Docket No. 45 at 2, ¶ 12. Dobberstein Roofing's work was personally guaranteed, *id.* at ¶ 17, by Jed Dobberstein, owner and president of Dobberstein Roofing. *Id.* at 1, ¶ 5.[1]

The subcontract agreement required that Dobberstein Roofing maintain adequate Commercial General Liability insurance and add Roche as an additional insured under the policy. *Id*. at 2, ¶ 15. The subcontract contained a forum selection clause which states, in pertinent part:

> In the event of any claim or dispute between [Roche] and [Dobberstein Roofing] . . . either [Roche] or [Dobberstein Roofing] shall be at liberty to pursue directly against the other any claim, demand, cause of action or action as may be appropriate. The parties agree that, in this event, the forum in which the parties agree to try and have heard any matters of litigation arising out of such controversies shall be chosen by . . . [Roche].

Docket No. 26-1 at 11. Additionally, Jed Dobberstein's guaranty states that the "parties hereby agree that the forum to which the parties bring any matters of litigation arising against Guarantor for breach of this Guaranty Agreement shall be chosen by Contractor." *Id.* at 31. The term "Contractor" in the guaranty refers to Roche. Pursuant to the terms of the subcontract, Dobberstein Roofing allegedly secured a Certificate of Liability Insurance underwritten by Transportation Insurance Company ("TIC"). Docket No. 45 at 2, ¶ 16.

---

[1] The Court will refer to Dobberstein Roofing and Jed Dobberstein collectively as "the Dobberstein defendants."

Roche alleges that the Dobberstein defendants constructed the roofing system in a negligent manner, contrary to the requirements of the subcontract. Docket No. 45 at 3, ¶¶ 20-22. As a result of the Dobberstein defendants' negligent work, Roche claims that it incurred additional costs to repair structural damage to the roofing system. *Id.* Roche further claims that, in order to cover the damage caused by the Dobberstein defendants, it tendered insurance claims to OneBeacon and TIC. *Id.* at ¶¶ 23-27. According to Roche, OneBeacon denied coverage for the resulting loss and TIC failed to respond to Roche's claims. *Id*.

On June 10, 2011, Roche commenced this action in the District Court for Weld County, Colorado [Docket No. 1-2].[2] Roche brought claims against defendants OneBeacon and TIC for breach of insurance contract, insurance bad faith, statutory damages for insurance bad faith, and declaratory judgment. Docket No. 45 at 4-10. Roche also brings claims against the Dobberstein defendants for breach of contract, breach of implied warranty, breach of express warranty, and negligence. *Id*.

On July 21, 2011, OneBeacon removed the case to this Court [Docket No. 1], citing federal subject-matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. Docket No. 1 at 3, ¶ 3. All defendants consented to removal. *Id*. at 5-6, ¶¶ 15-16; *see also* Docket No. 2; Docket No. 6. The notice of removal alleged that all defendants are diverse from the plaintiff and that the amount in controversy exceeded $75,000. Docket No. 1 at 4-5.

---

[2]Roche has since filed a second amended complaint [Docket No. 45]. The amended complaint alleges similar facts and adds a tenth claim for declaratory judgment against TIC. *See* Docket No. 45 at 10-11.

3

Roche filed a Motion to Remand [Docket No. 21] on August 22, 2011 and an Amended Motion to Remand [Docket No. 22] on August 23, 2011.[3] Roche argues that defendants' removal was improper because the Dobberstein defendants have contractually waived their right to remove the case because of the forum selection clauses. Docket No. 26 at 2. As a result, Roche contends that the lack of unanimous consent is fatally defective to defendants' removal pursuant to 28 U.S.C. § 1446(b). Id. Additionally, Roche requests attorney's fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). Id. at 11.

## II. ANALYSIS

Procedures for remand are governed by 28 U.S.C. § 1447, which states:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The thirty-day period for a motion to remand pursuant to § 1447(c) begins to run when a defendant files its notice of removal in the district court. *Farmland Nat'l Beef Packg. Co. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004). If a motion for remand is not filed within the thirty days after the notice of removal, the district court lacks discretion under 28 U.S.C. § 1447(c) to remand based on a procedural defect. *Farmland*, 98 F. App'x at 756. The thirty-day period binds the district court as well as the party opposing removal. *Id*. This is because of the

---

[3]Roche's amended motion to remand was denied without prejudice by the Court [Docket No. 25] for failure to comply with the Court's Practice Standards. Thereafter, Roche filed a Second Amended Motion to Remand [Docket No. 26] on August 26, 2011.

overriding principle that, because federal removal jurisdiction is statutory in nature, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

OneBeacon filed the Notice of Removal on July 21, 2011. Plaintiff filed a timely motion for remand under the thirty-day period of § 1447(c) on August 22, 2011. It then filed an amended motion to remand on August 23, 2011, which was after the thirty-day period.[4] Plaintiff's amended motion for remand became the operative pleading and does not relate back to the date of the originally filed motion. *See Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992) (finding that 28 U.S.C. § 1447(c) precludes all remands for procedural defects after the expiration of the thirty-day remand period); *Locke v. Purdon,* 1995 WL 1945502, at *2 (N.D. Miss. Apr. 20, 1995) (finding that an amended motion to remand cannot relate back to the original motion to remand for purposes of complying with the removal statute's time requirements). Plaintiff's amended motion to remand, filed 33 days after the notice of removal, is outside the thirty-day time limit and is untimely unless plaintiff's motion to remand is not subject to the thirty-day limit of § 1447(c).

Whether the § 1447(c) thirty-day limit applies to plaintiff's motion to remand depends on whether the motion is based on "any defect other than subject matter jurisdiction." 18 U.S.C. § 1447(c). There is no dispute that the Court has subject matter jurisdiction over this case. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir.

---

[4]Assuming that the thirty-day limit of § 1447(c) applies, it fell on August 20, 2011, which was a Saturday, so the motion had to be filed on the following Monday, August 22, 2011. *See* Fed. R. Civ. P. 6(a).

5

2009) (noting that "the Supreme Court has held that a forum selection clause does not deprive a federal court of subject matter jurisdiction," citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). Moreover, the parties do not dispute that they are diverse. Thus, the issue becomes whether the forum selection clause at issue here is a "defect" within the meaning of § 1447(c). All courts of appeal that have addressed this issue have concluded that a forum selection clause is not subject to the thirty-day requirement. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999); *Kamm*, 568 F.3d at 755; *Graphic Communications Local 1B Health and Welfare Fund "A" v. CVS Caremark Corp.*, 636 F.3d 971, 975 (8th Cir. 2011). Moreover, in *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005), the Tenth Circuit held that a remand based on a district court's decision to honor a forum selection clause was not subject to § 1447(d)'s restrictions on appellate review, noting that "it is well settled that § 1447(d) prohibits only the review of remands based on grounds specified in § 1447(c)." The Court agrees with the rationale of these cases and finds that plaintiff's motion to remand, based on a forum selection clause applicable to some defendants, but not all, is not a "defect" and therefore the thirty-day provision of § 1447(c) does not apply.

The fact that the thirty-day provision does not apply does not mean that a plaintiff may file a motion to remand at any point of the proceedings. Instead, district courts may determine whether the plaintiff filed its remand motion within a reasonable amount of time. *See Snapper*, 568 F.3d at 757; *Kamm*, 568 F.3d at 757; *Graphic*

*Communications*, 636 F.3d at 975-76. Here, plaintiff filed its motion to remand thirty-three days after defendants removed the case, which the Court finds to be reasonable.

Turning now to the merits of plaintiff's motion to remand, plaintiff argues that defendants could not properly remove the case to this Court unless all defendants consented to do so and, because the Dobberstein defendants contractually waived any right to choose the forum, they are estopped from consenting to removal. Docket No. 5. "As judicially interpreted, § 1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served." *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996). Here, each of the defendants consented to removal. *See* Docket No. 1 at 5-6 (notice of removal by OneBeacon); Docket No. 2 (TIC consent); Docket No. 6 (Dobberstein defendants' consent).[5] As noted earlier, the subcontract between Roche and Dobberstein Roofing includes language that states "the forum in which the parties agree to try and have heard any matters of litigation arising out of such controversies shall be chosen by [Roche]." Docket No. 26-1 at 11. The guaranty signed by Jed Dobberstein similarly provides that Roche has the right to choose the forum for any litigation. *See* Docket No. 26-2 at 31. Neither OneBeacon nor TIC disputes that these provisions are forum selection clauses that grant Roche the right to chose the forum in litigation between it and the Dobberstein defendants. Nor does

---

[5]On September 15, 2011, the Dobberstein defendants notified the Court of their withdrawal of consent to removal [Docket No. 32]. However, because the propriety of removal is determined at the time the notice of removal is filed, *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993), it is improper to allow remand due to a party's express desire to withdraw consent to removal. *Hankinson v. Nw. Mutual Life Ins.*, 2011 WL 3269431, at *1 (C.D. Ill. Aug. 1, 2011).

7

either OneBeacon or TIC argue that these forum selection clauses are unenforceable. Plaintiff chose to file this case in the District Court for Weld County, Colorado. The Court finds that the Dobberstein defendants violated the forum selection clauses by consenting to remove this case to federal court, which is not the forum chosen by Roche. As a result, the Dobberstein defendants are estopped from consenting to removal. Furthermore, the Court agrees with *Cattleman's Choice Loomix, LLC v. Heim*, No. 11-cv-00446-WYD-CBS, 2011 WL 1884720, at *3 (D. Colo. May 18, 2011), and the cases cited therein that, in multi-defendant cases, where some of the defendants are estopped from consenting to removal, defendants cannot meet the unanimity requirement of § 1446(b). Thus, because the Dobberstein defendants could not properly consent to removal, not all defendants consented to the removal of this case from Weld County state court.

     Defendants OneBeacon and TIC argue that, because Roche elected to improperly misjoin the insurance claims that involve them with the construction claims involving the Dobberstein defendants, the Court should sever the two sets of claims and only remand the Dobberstein defendants. Docket No. 35 at 3; Docket No. 37 at 2. In particular, OneBeacon argues in its motion to sever that plaintiff has engaged in fraudulent misjoinder by suing diverse defendants in state court but joining defendants who destroy diversity or who cannot consent to removal without a reasonable procedural basis to join such defendants in one action. Docket No. 17 at 3-4. TIC argues that "Dobberstein's consent is not necessary for removal in this matter as Plaintiff waived its ability to assert a remand" when plaintiff chose to combine into one

action claims against defendants not subject to the forum selection clause. Docket No. 37 at 2. The Court disagrees.

Generally, procedural misjoinder[6] occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action. *See Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010). The Eleventh Circuit has recognized procedural misjoinder where the misjoinder is "egregious," as a type of fraudulent joinder. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ("[a] defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."). In *Lafalier,* the Tenth Circuit discussed procedural misjoinder but did not adopt the doctrine because it was not necessary to the holding in that case. *See* 391 F. App'x at 739 ("[t]here may be many good reasons to adopt procedural misjoinder . . . [b]ut we need not decide that issue today"). Given that the application of procedural misjoinder is not necessary for the resolution of this motion and that the Tenth Circuit has yet to adopt the doctrine, the Court does not need to resolve that issue.

---

[6]This concept is different from the more familiar "fraudulent joinder," which is ordinarily understood to refer to situations where a plaintiff asserts a claim against a defendant when no reasonable basis for the claim exists. *See Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). In such circumstances, the fraudulently joined party is ignored in determining diversity jurisdiction. *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399 (D. Colo. 1989). OneBeacon does not assert this argument as a basis for removal. Docket No. 39 at 2 ("Plaintiff's argument regarding *fraudulent* misjoinder is misplaced") (emphasis in original).

Rule 21 of the Colorado Rules of Civil Procedure governs misjoinder and non-joinder of parties. Rule 21 of the Federal Rules of Civil Procedure is worded similarly. "The cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1683 (3d ed. 2010).

The joinder of claims against multiple defendants in a single action is governed by Rule 20 of the Colorado Rules of Civil Procedure, which provide that parties "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Colo. R. Civ. P. 20(a). Under Colorado law, Rule 20 is given "the broadest possible reading." *City of Aurora ex rel. Utility Enterprise v. Colo. St. Engineer*, 105 P.3d 595, 623 (Colo. 2005).

The Court finds that Roche's original complaint meets the requirements for Rule 20 joinder. Specifically, because all claims arise from the construction of the detention facility the case will involve a significant amount of overlapping evidence. Moreover, there are common questions of fact and/or law surrounding the claims in this case, such as the extent of the alleged negligent construction by the Dobberstein defendants, the extent to which OneBeacon's policy covers negligent construction, the terms of the subcontract as it relates to Roche's coverage under the Dobberstein defendants' policy with TIC, and whether TIC waived the right to assert the "No Action" clause. All of these issues share the same background facts, will likely involve testimony from the

same witnesses, and judicial economy is better served by proceeding with these issues in one action. Furthermore, simply because each claim against the individual defendants may require that Roche prove some facts that are unique to a particular defendant does not override judicial efficiency of joined discovery. Streamlining the depositions of lay and expert witnesses as well as the discovery of contract records may lead to a faster and more efficient resolution of this case. Consequently, the Court finds no misjoinder of claims under Rule 20 and no basis for severance under Rule 21. Because the Court finds that there was no misjoinder, the lack of consent of all defendants means that this case must be remanded to state court.

Plaintiff has asked for attorney's fees in connection with its motion. However, there is no evidence that OneBeacon and TIC did not have an objectively reasonable basis for seeking removal based on diversity jurisdiction and there is no evidence that they were aware of the forum selection clauses at the time of removal. However, the same cannot be said as to the Dobberstein defendants, who signed the forum selection clauses but nevertheless consented to removal. Plaintiff may file a motion for attorney's fees as to those defendants.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that Defendant OneBeacon's Partially Opposed Motion to Sever Claims [Docket No. 17], joined by defendant TIC [Docket No. 23], is **DENIED**. It is further

11

**ORDERED** that Plaintiff's Second Amended Motion and Brief in Support of Motion for Remand [Docket No. 26] is **GRANTED** and this case is remanded to the District Court of Weld County, Colorado, where it was filed as Civil Case No. 2011-cv-571.

DATED March 28, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge